# Trovillo *against* Shingles.

Where the sheriff had levied on a cow alleged to be exempt by law from execution, and the debtor was then in possession of another, the question of ownership of which he himself had made doubtful: *Held*, that the sheriff, even if he had heard the testimony in regard to it, and it had pointed to the fairness of the third person's title, was not bound to act at his peril by relinquishing the cow levied on, and that he was not liable to the debtor in trespass for selling it.

ERROR to the common pleas of *Allegheny* county.

Edward Shingles against Elijah Trovillo, sheriff of Allegheny county. This was an action of trespass against the defendant for selling the plaintiff's cow, alleged to be exempt by law from execution.

The plaintiff gave the following evidence.

Jonathan Phillips, sworn.—I gave the cow as a loan to Shingles, and took her away before the sale; his cow was taken away when I took mine; Shingles got this cow from John Young; she was to be mine until paid for; I was bail to Young; I paid for the cow. After I took the cow back, I paid Young. Shingles bought the cow, and I became bail.

John Clark, sworn.—At Noblestown, I was at the sale of Shingles' property; he was sick in bed; I carried a letter to defendant; defendant told me to tell Drake, the deputy sheriff, not to sell the cow, horse and cow; I told Drake: he said he had seen the sheriff. The cow was sold; I bid 12 dollars 25 cents for her myself; two or three hogs were also sold. The cow sold for 14 dollars; was worth 20 dollars; I would not take 20 dollars for her. A windmill was sold; I offered 7 dollars for the mill; he wanted 9 dollars.

J. Quigley, sworn.—I was not at the sale; I saw the property levied on and drove out of the field; Shingles was sick at the time. Drake said he understood the law; Robinson was the plaintiff, and assisted in driving off the cow; a good cow; Phillips came and took

[Trovillo v. Shingles.]

his cow away; Phillips's was a black cow, and was not levied on; Phillips took it away after the levy.

The court below directed the jury, that from the proof the cause was with the plaintiff. Verdict accordingly for twenty dollars.

*Woods*, for plaintiff in error, cited 5 *Whart.* 545; 17 *Serg. & Rawle* 101; 1 *Rawle* 466; 4 *Watts* 123.

*Mahon*, for defendant in error, cited *Park & Johns. Dig.* 573, *sect.* 26.

PER CURIAM.—It was decided in Lindsey *v.* Fuller, *ante* 144, that a debtor in possession of two cows, as the apparent owner of them, cannot protect a particular one of them from execution by suggesting that the other belongs to a stranger, because the sheriff or constable is not bound to implicate himself in a question of title in respect to either of them. On any other principle, he might be made liable to the defendant if he disregarded his allegation, or liable to the plaintiff if he did not. Should he exact an indemnity, the risk would be shifted, but not extinguished; and the plaintiff might find it prudent to relinquish his execution by reason of the danger to which he would be exposed in meddling with a disputed title, so that the defendant would be often able, by false pretences, to extend the exemption of the statute to two cows instead of one: and the legislature certainly never meant that its interposition for the sake of humanity, should afford any facility to fraudulent protection. In this instance, perhaps, it would not be difficult to determine that the title was falsely asserted to be in a third person. Though the alleged owner testified that he had lent the cow to the debtor, it appeared by the whole of his testimony that he was only the debtor's surety for the price of it, under an agreement, that the title should vest in him till the vendor should be paid, an arrangement in contravention of public policy, which forbids the creation of a lien on personal property, separate from the possession of it, and according to Clough *v.* Woods, 5 *Serg. & Rawle* 275, it was void against creditors. The sheriff, however, had not heard the testimony; and even if he had, though it might point to a different conclusion, he is not bound to act at his peril in a case made doubtful by the debtor himself.

Judgment reversed.